IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDWARD LEWIS #00839171 | § | |
| | § | |
| V. | § | A-18-CA-590-LY |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division[1] | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

### STATEMENT OF THE CASE

**A.   Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence in cause number 0981785 out of the 299th Judicial District Court of Travis County, Texas. Petitioner asserts he was sentenced to 30 years in prison in 1998.

---

[1] Although Petitioner named the State of Texas as Respondent, Lorie Davis, the current Correctional Institutions Division Director, is the proper respondent and will be substituted as such.

Petitioner does not challenge his holding conviction. Rather, he challenges the decision to deny him parole.

Petitioner raises as grounds for relief:

1. The Parole Board denied him equal protection because it failed to take into consideration Petitioner's rehabilitation programs;

2. The Parole Board denied him equal protection because similarly situated offenders have been granted parole;

3. The denial of parole violates the Double Jeopardy Clause; and

4. The Parole Board denied him equal protection because they failed to consider his age and health risk.

Petitioner challenged the denial of his parole in a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order on June 6, 2018. Ex parte Lewis, Appl. No. 50,901-03.

## DISCUSSION AND ANALYSIS

The United States Constitution does not create a liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. Id. at 308) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each

State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions).

Although Petitioner asserts he is raising equal protection claims, his claims construed liberally also raise due process concerns. However, because Petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana, 65 F.3d at 31.

Petitioner also has not alleged a violation of the Double Jeopardy Clause. The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. United States v. Ursery, 518 U.S. 267, 273 (1996). The denial of parole is not an additional

3

punishment for the original offense. Therefore, the fact that Petitioner may be eligible for parole and yet remains confined without an expectancy of an early release cannot constitute a double jeopardy violation. Coronado v. United States Board of Parole, 540 F.2d 216 (5th Cir. 1976).

Finally, Petitioner has not alleged a valid equal protection violation. A violation of equal protection occurs only when the governmental action in question "classif[ies] or distinguish[es] between two or more relevant persons or groups[,]" Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir.1988), or when a classification impermissibly interferes with a fundamental right. Hatten v. Rains, 854 F.2d 687, 690 (5th Cir.1988). A "fundamental right," for purposes of equal protection analysis, is one that is "among the rights and liberties protected by the Constitution." San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 29 (1973).

Petitioner does not identify any similarly situated prisoners, nor does his allegations show he was intentionally treated differently from other prisoners absent a rational basis. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Vague and conclusional allegations that a prisoner's equal protection rights have been violated are insufficient to raise an equal protection claim. Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990).

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

5

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

**SIGNED** on July 16, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE